Case 4:14-cv-00180-O   Document 1   Filed 03/10/14   Page 1 of 8   PageID 1

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 10 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

In the U.S. District Court
Northern District of Texas
Regina Lewis
    Petitioner

-v-                                    Habeas Corpus

Eric Holder (individual Capacity)
A. Greenfeild (individual Capacity)
John Upton (individual Capacity)
    Defendants.

I Regina Lewis file this petition for Habeas Corpus on the grounds that I am unlawfully imprisoned and for the unlawful conditions of my confinement.

1. My procedural protections have been violated by the Federal Bureau of Prisons FMC Carswell. I have been committed by Court Order alone in error, under the USDJ-Federal Bureau of Prisons Program Statement 6010.03. I do not fall under the auspices of a psychiatric emergency as a BOP prisoner.

2. The timeframe set aside for pre-trial detention and the fixed sentencing guideline of 10-16 months have expired. My detention and now my imprisonment has exceeded the sentencing guideline that was not part of a plea or final sentence for case 12-cr-655. The plea offer was a plea of guilt for time served in Dec. 2012, which I declined.

3. I have been in custody since July 26, 2012. In September of 2012, the governments disclosure specified 10-16 months was the sentencing guideline. In November of 2013 the Court affirmed that I had maxed out the 10-16 months in pre-trial detention and added that I could serve no more time nor be placed on

probation even if a grand jury were to find me guilty at trial. The trial date has been fixed four times and canceled. 1-15-13, 1-20-13, 12-3-13, 12-6-13. I was released on pre-trial supervision in November on or around the 27, 2013. Although I complied with mental health therapy I rescinded my Hippa signature waiving my right to privacy of my mental health records and I googled the judges name to see if there was any controversial information on the world wide web that would create a conflict of interest to have him removed from my case. Since I am prose I felt entitled to review Judge Hellerstein's case history. This was enough for him to remand me and send me to federal prison.

4. On January 6 2014 I was re-remanded and a competency hearing and psych study was ordered by Judge Hellerstein. For the judge himself decided I was incompetent. With regard to my competency, the U.S. Supreme Court's decision regarding competency and self representation does not require trial judges to inquire sua sponte into whether defendants seeking to proceed prose satisfy the higher self-representation standing standard before granting their requests, the New York Court of Appeals held Feb 13. (People v. Stone, 2014 BL 39482, N.Y. No. 5, 2/13/14). Here the trial court did not abuse it's discretion by failing to make an inquiry into the defendant's competency to represent himself after he mentioned a "paranoia" about lawyers, engaged in emotional outbursts during court proceedings and made several legal errors, the court decided.



5. My imprisonment in Federal Prison violates the statutory requirement as set forth in the USDJ-FBOP program statement in title 18 USC 4084; SRA 18 USC 3621(c) and title 18 USC 4083 that provides that an inmate convicted of an offense for which the maximum penalty is one year or less, such inmate may not be transferred to a High security institution without first signing a waiver. 18 USC 4083 prohibits placement of such inmates in "penitentiaries" without their consent; however the Bureau broadens that prohibition to include any High security institution.

6. Under these circumstances and since I am not convicted of an offense to serve a year or more I did not and could not sign a consent.

7. I am pro se therefore, I understand the proceedings against me, moreover the New York Court of Appeals held that it would be "impracticle" to require notice of intent to assert a psychiatric defense on the bases of the prosecutions evidence before the prosecution has presented that evidence the Court said see (People v Gonzalez 2014 BL 39486 N.Y. No.12 2/13/14)

8. On February 25 2014 I was forced on a plane by the U.S. Marshals to Federal prison I have been placed in segregation. I am being denied access to the Court, law library, phone, visits, recreation and medical attention. The Court has held that a prisoner may use a Habeas Corpus petition to argue that the conditions of incarceration are so harsh that the detention itself is illegal. The U.S. Court of Appeals for the

District of Columbia Circuit confirmed Feb. 11 (Aamer v. Obama, 2014 BL 36047, D.C. Cir. no. 13-5223 2/11/14). Therefore, Boumediene restored the status quo in the D.C. Circuit, the Court said. Circuit case law indicated that Habeas petitioners are allowed to challenge not only the fact of their detention but also the way they are being treated while confined it said. See (Hudson v Hardy 424 F. 2d 854 (D.C. Cir. 1970). "Our precedent establishes that one in custody may challenge the conditions of his confinement in a petition for Habeas Corpus" the Court said."

9. Habeas Corpus relief is at its core a remedy for unlawful executive detention, the Court said. Whether that specific detention involves putting the petitioner in the wrong prison denying him treatment, inflicting cruel and unusual punishment or impeding his access to the Courts his essential claim is that his custody is illegal.

10. The Complaint 12 MAG 1992 did not satisfy the statutes requirement A verbis legis non est recedendum. Eric Weiss changed the statutes meaning by deleting the four corners of it's language 18 USC 115 by adding the subsections (A)(1)(B) of a second statute that I was not charged with 18 USCS 1114. I have been denied the Bill of Particulars pending the outcome of the psych study. With the indictment being insufficient this establishes my actual innocence. See (Boykin et al v. United States Circuit Court of Appeals, Fifth Circuit 117. 2d 484: 1926) U.S. App. Lexis 2512 no. 4699 February 19, 1926. The Court found that neither this nor any other case goes so far as to

validate an indictment that is lacking in the fundamentals of a Criminal pleading and of course it has never been thought that a Bill of Particulars can make valid an indictment that is otherwise bad.

11. Undoubtedly the language of a statute may be used in the general description of an offense in an indictment, but it must be accompanied with such a statement of the facts and circumstances as well as inform the accused of the specific offense coming under the general description with which he is charged. See (Reiner-Kross Co. et al. v United States Circuit Court of Appeals Sixth Circuit 20 F. 2d 36; 1927) U.S. Appeals Lexis 2460 No. 4833 June 10, 1927).

12. I would also like the defendants to show cause why a prior order for relinquished custody of Federal detention to the Westchester County Hospital is being suppressed. According to BOP-Cim information and the Clerk of the Court for the Southern District of New York filed is an order dated August 14, 2012 so ordered by a U.S. Magistrate judge for my release to the Westchester County Hospital not to exceed 30 days and thereafter on August 23, 2012 the matters for 12MAG1992 were closed without ever being issued a docket #. Since the government did not file an objection under the Fed.R.Crim.P the order is standing.

13. Can you ask the defendants why I am a pre-trial inmate under the custody of the U.S. Marshals and remanded to pre-trial detention in Brooklyn why I am being housed

in Federal Prison in segregation during pre-trial in Texas since I do not consent and I did not assert a psychiatric defense because it would be "impracticle" at this point. Why am I being ordered a psych study over my objection.

14. I am defending myself under the Fed.R.Crim.P. not the USDJ-FBOP program statement. Wherefore, my statutory rights have been violated and I am challenging (1) the defendants to show cause how a prison policy takes precedent over the law and the Fed.R.Crim.P. and (2) the prison policy is unreasonable to hold me as a pre-trial detainee un-convicted and unsentenced in segregation to deny me access to the court in violation of their own policy.

15. I would like the defendants to show cause why I should not be released from all custody status immediatley.

Regina Lewis 3-5-14

3-26-14

Dear Clerk,

I have been in segregation and denied access to the courts. Please inform me of the status of my previously filed case against Tom Cruywell and Leslie Powers and I would like to file this Habeas Corpus petition.

Sincerely,
[signature]

Name: Regina Lewis
Rég. No. 67206-054
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

Legal mail

U.S. District Court
Northern District of Texas
501 West 10th St.
Fort Worth, TX 76102

FMCC Carswell
PO Box 27066
Ft. Worth, TX 76127
MAILED

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification.