IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| REGINA LEWIS, § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:14-CV-180-O |
| § | (Consolidated with No. 4:14-CV-264-O) |
| JODY R. UPTON, WARDEN, § | |
| FMC-CARSWELL, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Regina Lewis, a pretrial detainee who was confined in the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, when this petition was filed, against Respondent Jody R. Upton, Warden of FMC-Carswell. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I.   BACKGROUND**

Petitioner is awaiting trial in the Southern District of New York for criminal charges related to threats she made against a federal judge. *United States v. Lewis*, No. 1:12-CR-00655-VSB-1 (S.D.N.Y.). She has been continuously detained since July 26, 2012, save for a brief release on bail, for violation of the conditions of her release, as a flight risk and/or danger to the community under 18 U.S.C. §§ 3142, or under temporary commitment orders pursuant to § 4241(d). Resp't's App. 6-8, 30-31, 34, ECF No. 14. Relevant to this case is the January 6, 2014 commitment order entered by the Southern District finding Petitioner mentally incompetent to stand trial under § 4241(d) and civilly committing her for treatment for a period not to exceed four months. Resp't's App. 6-8, ECF No. 14. The commitment order was stayed for three days to allow Petitioner an opportunity to

appeal, but she did not do so. *Id.* 8. Petitioner was sent to FMC-Carswell for treatment but has since been determined to be mentally competent and returned to the State of New York. Mot. & Status Request, ECF Nos. 15-16. On July 18, 2014, the Southern District commenced jury selection in Petitioner's criminal case but, because of her conduct before the jury, the court aborted the proceedings, declared a mistrial, appointed counsel to represent Petitioner, who was representing herself *pro se*, and ordered reassignment of the case to another judge. Order, *United States v. Lewis*, No. 1:12-CR-00655-UA-1, ECF No. 89. A status conference scheduled for July 25, 2014, was adjourned, and the case remains pending. *Id.,* ECF No. 91.

## II.  DISCUSSION

By this petition, Petitioner challenges her continued pretrial confinement and the conditions of her confinement at FMC-Carswell. Pet. 1, ECF No. 1.

Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil-rights action if a determination in the prisoner's favor will not automatically result in his or her accelerated release. Thus, to the extent Petitioner's claims relate to the conditions of her confinement or prison procedures at FMC-Carswell, the claims are not cognizable on habeas review. 42 U.S.C. § 1983; *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Furthermore, Petitioner is no longer confined at FMC-Carswell. Thus, any such claims are now moot.

To the extent Petitioner challenges her pretrial confinement, her claims are properly brought under 28 U.S.C. § 2241. *United States v. Boigegrain*, 155 F.3d 1181, 1186 (10th Cir. 1998), *cert.*

*denied*, 525 U.S. 1083 (1999). However, she was temporarily committed to FMC-Carswell for the limited purpose of determining whether she was mentally competent to stand trial and the four-month commitment order has expired. Furthermore, the Southern District has considered and rejected Petitioner's claims regarding the legality of her continued pretrial detention. Resp't's App. 20-48, ECF No. 14. For the reasons discussed in that court's July 18, 2014 "Order and Opinion Denying Motions to Dismiss Indictment and for Release from Detention," this Court finds Petitioner's claims lack merit. Resp't's App. 20-52, ECF No. 14. Finally, to the extent Petitioner sought release from civil commitment under 18 U.S.C. § 4241(d), jurisdiction lies in the district court in which the commitment occurred. 18 U.S.C. §§ 4241(e), 4247(h).

### III.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**. Any motions not previously ruled upon are also **DENIED**.

**SO ORDERED** on this **29th day** of **July, 2014.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE